UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| RAE LINN PEIFFER<br>Plaintiff,<br>v.<br><br>MERCHANTS & MEDICAL<br>CREDIT CORPORATION, INC.<br>Defendant. | Case No.:2:20-cv-13171-TLL-PLM<br>Hon. Judge Thomas L. Ludington<br>Magistrate Patricia T. Morris |

# FIRST AMENDED COMPLAINT

1. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692k(d) and this court can exercise supplemental jurisdiction over the state law claim.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and Occupational Code.

3. Venue is proper because the acts and transactions occurred in Saginaw County, Michigan ("here"), Plaintiff was called by defendant when residing at this location and defendant does business and is based in the Eastern District of Michigan.

4. Plaintiff, Rae Linn Peiffer, is a natural person who at all relevant times resided in Saginaw County, Michigan.

5. On information and belief, at some point in time, Plaintiff was treated as a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) by defendant

1

even though Plaintiff did not owe the debt defendant was attempting to collect.

6. Defendant is located in Michigan and uses an instrumentality of interstate commerce including the mail and phone and regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and thus is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and a collection agency as defined by MCL § 339.901(b).

## FACTUAL ALLEGATIONS

7. Plaintiff's son, Thomas Peiffer, allegedly incurred a financial obligation that was primarily for personal, family or household purposes based upon an alleged debt to for non-payment of a medical debt that allegedly went into default and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and by MCL § 339.901(a).

8. Thomas Peiffer is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. The alleged debt was assigned to Defendant for collection.

10. At some point in time subsequent to 2017, defendant had trouble locating plaintiff's son.

11. At all relevant times plaintiff's son did not live with plaintiff.

12. Defendant called plaintiff's number, 989-661-7937 looking for plaintiff's son.

13. Plaintiff told defendant that her son did not live with her on February 20, 2019.

14. On information and belief, nothing stated by plaintiff in this conversation indicated her answer would change.

15. On information and belief, defendant did not reasonably believe that the response made on February 20, 2019 was erroneous or incomplete.

16. On or about December 19, 2019 defendant again called plaintiff allegedly seeking location information about her son.

17. Defendant did not have a reasonable belief at the time of the call on December 19, 2019 to believe that plaintiff's earlier response made in February 2019 was incomplete or erroneous or that plaintiff actually had this information in her possession.

18. Plaintiff told defendant that he did not live there and requested defendant to stop calling her.

19. On or about August 12, 2020 ("August call"), defendant again called plaintiff asking for location information about her son.

20. In neither of these two calls did defendant's agent state at the beginning of the call "This is ___ calling to confirm or correct location or contact information concerning_____."

21. Plaintiff told defendant he did not live there and demanded again that they stop calling.

22. After the August call, Plaintiff then contacted Defendant and spoke with a manager demanding that they stop calling her and received the dates and times of past calls.

23. On information and belief, Defendant did not lie or mispresent these dates to plaintiff.

24. Nothing about plaintiff's comments to defendant indicated that her assertions were erroneous or incomplete.

25. Whether someone resides with someone else at their own residence is not a topic that is easily misunderstood by any reasonable person.

26. In the applicable calls in 2019 and 2020, on information and belief, Plaintiff never requested defendant call her back for further information.

27. Plaintiff did not make any error and her response was not incomplete.

28. Defendant claims that plaintiff had been authorized by her son to discuss the account.

29. Plaintiff does not recall this and does not have a copy of such.

30. When discussing the issue prior to litigation, defense counsel Charity Olson indicated that plaintiff would be sanctioned if a case were filed.

31. Plaintiff, not wanting to waste a court's time or be sanctioned, asked Ms. Olson for a copy of the alleged authorization, tape recordings of conversations or any other evidence so that plaintiff could fully understand defendant's claims and avoid sanctions being imposed.

32. Ms. Olson willfully refused to produce any information claiming her client didn't have the "burden of proof" and made derogatory remarks about plaintiff and her son including comments that plaintiff should know all dates and times that everything occurred.

33. On information and belief any sanctions motion would require the moving party to have the burden of proof.

34. 15 USC 1692b(3) prohibits communicating with such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information;

35. The Fair Debt Collection Practices Act 15 U.S.C. 1692 identifies findings and declaration of purpose made by Congress including (a) Abusive practices:

5

> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

36. Plaintiff suffered injury-in-fact when she was repeatedly harassed by defendant after having already called her previously causing an invasion of her individual privacy and her right to solitude.

37. The injury suffered by plaintiff was concrete and particularized causing plaintiff to suffer indignation.

38. In fact, Congress specified that a "group of people who do not owe money, but who may be deliberately harassed are the <u>family</u>, employer and neighbors of the consumer. These people are also protected by this bill." H.R. Rep. No. 95-131, at 8 (1977).

39. The risk of harm created by this violation was material because such acts repeatedly interrupted plaintiff's privacy and right to solitude.

40. On information and belief, defendant does not maintain procedures reasonably adapted to avoid the above violations.

## CAUSES OF ACTION
### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

41. Plaintiff incorporates by reference all paragraphs of this Complaint.

42. The foregoing acts and omissions of Defendant constitute violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

43. On information and belief, defendant did not take other acts such as pulling the debtor's credit report or using online databases to seek out location information prior to contacting plaintiff.

44. Defendant violated 15 USC 1692b(3) when it continued to call Plaintiff when she had not requested such a call and when it did not reasonably believe that plaintiff's earlier responses was erroneous or incomplete and that plaintiff now had correct or complete location information.

45. Plaintiff was damaged as a result of Defendant's acts because her right to solitude and privacy were unjustly invaded.

46. The above FDCPA violations created a material risk of harm to the interests recognized by Congress in enacting the FDCPA.

47. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages, statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II.
## OCCUPATIONAL CODE
## VIOLATIONS OF MCL § 339.901 et. seq.

48. Plaintiff incorporates by reference all paragraphs of this Complaint.

49. Defendant violated MCL § 339.919(1)(a) and (b) when it failed to state name of the individual seeking the location information and when it failed to state that the purpose of the communication was for confirmation or correction of location information about the debtor.

50. Defendant failed to implement a procedure designed to prevent the above violation from occurring in violation of MCL § 339.915(q).

51. The above violations were intentional.

52. The above violations were voluntary.

53. Plaintiff suffered damaged as a result of Defendant's acts because her right to solitude and privacy were unjustly invaded.

54. Plaintiff suffered injury as a result of Defendant's acts.

55. Plaintiff suffered loss as a result of Defendant's acts.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant as stated below:

## COUNT I
## THE FAIR DEBT
## COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff;

- for such other and further relief as may be just and proper.

### COUNT II
### OCCUPATIONAL CODE
### MCL § 339.901 et. seq.

- for an award of the greater of $150.00 in statutory damages plus costs and attorney fees or three times actual damages plus costs and attorney fees pursuant to MCL §339.915(2);

- for a finding that the above violations were intentional;

- for a finding that the above violations were voluntary;

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: February 4, 2020

*/s/ Andrew L. Campbell*
Andrew L. Campbell
5080 W. Bristol Rd, Suite 4
Flint, MI 48507
(810) 232-4344
michiganbk@gmail.com
P64391

9