## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

RAE LINN PEIFFER,

        *Plaintiff,*

*v.*

MERCHANTS & MEDICAL
CREDIT CORPORATION, INC.,

        *Defendant.*

_____/

CASE NO. 20-13171

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

## REPORT & RECOMMENDATION ON PLAINTIFF'S MOTION TO FILE A SECOND AMENDED COMPLAINT (ECF No. 15)

**I.     Recommendation**

For the reasons below, I **RECOMMEND DENYING** the motion to file second amended complaint. (ECF No. 15.)

**II.     Report**

    **A.     Background**

Plaintiff filed the original complaint in this matter on December 2, 2020. (ECF No. 1.) On February 4, 2021, Plaintiff filed an amended complaint. (ECF No. 10.) On June 2, 2021, Plaintiff filed the instant motion to file a second amended complaint. (ECF No. 15.) The motion to amend was combined with a motion to compel. A hearing was held on June 29, 2021, at which time the Court denied the motion to compel. The instant Report and Recommendation (R&R) deals only with the remaining portion of the motion that sought leave to file a second amended complaint. The Court has reviewed the motion, responses,

1

and reply and has also considered arguments made during the recent hearing. (ECF Nos. 15, 20, 22.)

### B.    Analysis

Plaintiff's amended complaint and proposed second amended complaint set forth claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 et seq. and the Occupational Code, Mich. Comp. Laws §339.901 et seq.. Federal Rule of Civil Procedure Rule 15(a)(2) provides that in cases where, as here, the time for filing a motion without leave has elapsed under Rule 15(a)(1), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The decision to grant or deny a motion to amend is within the sound discretion of the court. *Robinson v. Michigan Consol. Gas Co., Inc.*, 918 F.2d 579, 591 (6th Cir. 1990). Factors to consider include undue delay in filing the motion, notice to the opposing party, prejudice to the opposing party, and the futility of the proposed amendment. *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989) (quoting *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)).

In this case, Plaintiff's motion to file a second amended complaint was filed one month before the close of discovery (which has now passed). As argued by Defendant, no new information was uncovered that would prompt the need for amendment but rather, the amendment is "based on information that has been known to Plaintiff all along[.]" (ECF No. 20.) Therefore, the timing of the proposed amendment favors denial of the motion.

As to notice and potential prejudice, the proposed second amended complaint clarifies what the parties have known all along, i.e., that the debt was an educational debt.

(ECF No. 15, PageID.92.) The proposed amendment does not add any new parties and it does not expressly add any new claims; however, under the general allegations of wrongful conduct, Plaintiff cites to the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. §1232g, and alleges that Defendant failed to obtain a signed authorization from the debtor, Thomas Peiffer, before speaking with Plaintiff, as required under FERPA. (ECF No. 15, PageID.93.) The proposed second amended complaint further alleges that because Defendant "lack[ed] written permission, … Defendant was not authorized to speak with plaintiff about Thomas Peiffer's debt or education record."

At oral argument Plaintiff recognized that a violation of FERPA does not give rise to a private cause of action, but still contends that a violation of FERPA is relevant to the underlying claims alleging violations of the FDCPA and Occupational Code. Plaintiff argues that the violation may create a right that is enforceable not in and of itself, but rather that a violation of FERPA may be a wrong that is redressable as it relates to unfair debt collection under the FDCPA.

In *Gonzaga University v. Doe*, 536 U.S. 273 (2002), the United States Supreme Court rejected a similar argument. The Plaintiff in *Gonzaga* contended that even though no private cause of action exists for violations of FERPA, a violation of FERPA could state a personal injury that could be enforced by another statute, namely 42 U.S.C. § 1983. The Court held that "if Congress wishes to create new rights enforceable under § 1983, it must do so in clear and unambiguous terms – no less and no more than what is required for Congress to create new rights enforceable under an implied private right of action." 536 U.S. at 290. The Court continued to explain that "FERPA's nondisclosure provisions

3

contain no rights-creating language, they have an aggregate, not individual focus, and they serve primarily to direct the Secretary of Education's distribution of public funds to educational institutions. They therefore create no right enforceable under § 1983." *Id*. The same analysis applies here; thus, any references to FERPA in the proposed second amended complaint would be superfluous at best and confounding at worst. Because the only substantive goal of the proposed second amended complaint is to add provisions that cite to FERPA, and any violation of FERPA is irrelevant to the stated claims, I suggest that any amendment would be futile.

I suggest the above factors weigh heavily against allowing the proposed amendment. Therefore, I further suggest that the motion to amend be denied. (ECF No. 15.)

## III.   Conclusion

For the reasons above, I recommend **DENYING** Plaintiff's motion to file a second amended complaint. (ECF No. 15.)

## IV.   Review

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505

(6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Caldwell v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  July 19, 2021                                             S/ PATRICIA T. MORRIS
                                                                        Patricia T. Morris
                                                                        United States Magistrate Judge