**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN**

RAE LINN PEIFFER;

        Plaintiff,

v.

MERCHANTS & MEDICAL
CREDIT CORPORATION, INC.,

        Defendant.

Case No.: 1:20-cv-13171-TLL-PLM
Hon. Judge Thomas L. Ludington
Magistrate Patricia T. Morris

**DEFENDANT MERCHANTS & MEDICAL CREDIT CORPORATION,
INC.'S MOTION FOR SUMMARY JUDGMENT
<u>PURSUANT TO FED. R. CIV. P. 56</u>**

Defendant Merchant & Medical Credit Corp. ("MMCC"), through its undersigned counsel, for its Motion for Summary Judgment of Plaintiff Rae Linn Peiffer's ("Plaintiff") Complaint, states:

1.    This lawsuit stems from Plaintiff's erroneous belief that MMCC violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*., and Michigan Occupation Code ("MOC") § 339.901, *et seq*., with regard to Plaintiff during its lawful attempts to collect a debt owed by her son, Thomas Peiffer.

2.    MMCC is entitled to summary judgment pursuant to Federal Rule of Civil Procedure 56(a) because there is no genuine issue of material

fact with respect to Plaintiff's claims. The evidence and legal authority in support of this Motion are more fully explained in MMCC's Brief in Support.

3.      MMCC's counsel has attempted, on several occasions, to obtain concurrence from Plaintiff's counsel as to dismissal of all claims, but concurrence was not given. Accordingly, MMCC was compelled to file the instant motion seeking entry of summary judgment in its favor.

WHEREFORE, MMCC respectfully requests that the Court to grant its Motion for Summary Judgment, enter an Order dismissing Plaintiff's Complaint with prejudice, and award other relief as the Court deems appropriate.

Dated: August 4, 2021                     Respectfully Submitted,

/s/ Charity A. Olson
Charity A. Olson (MI P68295)
OLSON LAW GROUP
P.O. Box 64
Hartland, MI 48353
Phone:        (734) 255-6908
E-mail:        colson@olsonlawpc.com

Attorneys for Defendant Merchants &
Medical Credit Corp., Inc.

## ISSUE(S) BEFORE THE COURT

1.     Whether Plaintiff's claims of alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. (Count I) are without merit both factually and as a matter of law where Plaintiff, who is not a "consumer" as defined in the FDCPA, lacks standing to assert claims under §§ 1692b or 1692c?

MMCC's Answer:     Yes

2.     Whether Plaintiff has failed to specifically plead, much less show, that MMCC repeatedly or continuously contacted Plaintiff with the intent to annoy, abuse, or harass her in violation of § 1692d?

MMCC's Answer:     Yes

3.     Whether Plaintiff's claims of alleged violations of the Michigan Occupation Code ("MOC"), M.C.L. § 339.901, et seq. (Count II) are without merit both factually and as a matter of law, where Plaintiff's claims under §§ 339.919(1)(a) and (b) parallel her failed claims under the FDCPA and the unrefuted proofs establish no violation of § 339.915q?

MMCC's Answer:     Yes

## I.     INTRODUCTION

Plaintiff alleges MMCC violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. and Michigan Occupation Code ("MOC") § 339.901, et seq. during a handful of calls it made to and received from Plaintiff over the course of several years in accordance with Plaintiff's consent and her adult son Thomas Peiffer's (sometimes "Mr. Peiffer's") express authorization. Despite multiple amendments to the complaint and Plaintiff's shifting legal theories, discovery has now ended and Plaintiff's claims still fail as a matter of law.

MMCC is entitled to summary judgment as to Plaintiff's claims under § 1692b because there is no independent cause of action under this section, which aims to protect the "consumer" by and through §1692c, not a third-party such as Plaintiff. Although Plaintiff did not plead claims under §1692d and/or d(5) specifically, such claims also lack merit because there is no evidence that MMCC engaged in harassing, oppressive or abusive conduct at any time. Additionally, Plaintiff's MOC claims fail because the MOC claims mirror Plaintiff's claims under the FDCPA and fail for the same reasons Plaintiff's FDCPA claims fail. MMCC also has policies and procedures in place to avoid violations of the MOC. As further explained

4

below, MMCC is entitled to summary judgment on Plaintiff's FDCPA and MOC claims as a matter of law.

## II.   STATEMENT OF MATERIAL FACTS

Sometime prior to 2017, Baker College forwarded a debt owed by Plaintiff's adult son, Thomas Peiffer, to MMCC for collection (the "Debt"). (ECF #10: Plaintiff's First Amended Complaint, ¶ 8-9; ECF # 15-4: Account Notes, Page ID 108).

On February 27, 2017, Plaintiff called MMCC to discuss her son's Debt. (ECF # 15-4: Account Notes, Page ID 109; Exhibit 1: Transcription of Telephone Calls, "Recording 1", pages 2-3). Consistent with her training, MMCC's representative, Veronica Monroe, advised Plaintiff that she could not speak with her regarding the Debt unless she first obtained her son's consent. (Id., see also, Exhibit 2: Deposition transcript of MMCC's 30(b)(6) representative, Greg Church ("Church Transcript"), page 14:12-24). After several failed attempts, Plaintiff eventually reached her son using another phone line. (Exh. 1, at page 9-10). Mr. Peiffer then joined the call between MMCC's representative and Plaintiff, and provided authorization to MMCC to discuss the Debt directly with Plaintiff. (ECF # 15-4: Account Notes, Page ID 109; Exh. 1, pages 9-10). MMCC's representative noted the consent in the account notes, and continued the call with Plaintiff regarding

her son's Debt. (ECF # 15-4: Account Notes, Page ID 109; Exh. 1: Call

Transcripts, pages 10-13). The call was at all times cordial but no

resolution was reached. (Exh. 1, pages 2-13).

On May 2, 2017, MMCC called Plaintiff again to discuss the Debt with

her or her son. (ECF # 15-4, Page ID 111; Exh. 1: Call Transcripts,

"Second Recording", at pgs. 13-25). During this call, MMCC's

representative reminded Plaintiff that he was calling her based on her prior

consent and her son's authorization. (ECF # 15-4: Page ID 111; Exh. 1, at

pg. 14). MMCC's representative discussed payment options with Plaintiff,

among other things, and he eventually agreed, at Plaintiff's request, to

obtain an itemized statement from Baker College to validate the Debt. (ECF

# 15-4, Page ID 111; Exh. 1, at pgs. 14-25). At the conclusion of this call,

MMCC's representative advised Plaintiff that he would "stay in contact with

her[]" regarding the Debt (Exh. 1, at pg. 25). Plaintiff agreed to this course

of action ("sounds good") and the call ended. *Id*. By all accounts, this call

was also extremely cordial (Exh. 1, at pgs. 14-25).

On May 23, 2017, following MMCC's receipt of the itemized

statement, MMCC's representative attempted to call Plaintiff back but she

did not answer the phone. (ECF # 15-4, Page ID 111).

6

One week later, on May 30, 2017, MMCC's representative again tried to call Plaintiff back but she did not answer the phone. (ECF # 15-4, Page ID 111).

The following week, on June 6, 2017, MMCC's representative reached Plaintiff by phone and she indicated that she was going to try and get the Debt waived for "medical reasons". (*Id*.)  Because the Debt was never waived by Baker College or resolved directly with MMCC, the matter was eventually transferred to MMCC's legal department for possible placement with outside counsel. (Exh. 2, at pgs. 61-62).

On February 20, 2019, a representative of MMCC's legal department contacted Plaintiff prior to placement of the Debt with outside counsel. (ECF # 15-4: Page ID 112). Plaintiff told MMCC's legal representative that her son was still unemployed and the call was concluded. (*Id*.)

On December 12, 2019, Plaintiff contacted MMCC to discuss placement of the Debt with outside collections counsel. (ECF # 15-4: Page ID 113). Plaintiff advised MMCC's representative that if the matter against her son was pursued any further, she would get her attorney and show up in court to dispute that service of process had been made on her son. (*Id*.)

A default judgment was eventually entered against Plaintiff's son by the State of Michigan's 70th Judicial District Court on or about March 20, 2020. (Exhibit 3: Judgment).

On October 9, 2020, Plaintiff called MMCC and demanded to know all dates and times that MMCC had previously contacted her. (Exhibit 4: Final Page from Account Notes omitted from ECF #15-4). Several days later, Plaintiff's present counsel sent a draft complaint to MMCC along with an offer to settle Plaintiff's "claims". (*Id.*).

## III.   ARGUMENT AND AUTHORITIES

### A.   Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, summary judgment is proper if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding a motion brought under Rule 56, the Court must view the evidence in a light most favorable to the nonmoving party. See *Pack v. Damon Corp.*, 434 F.3d 810, 813 (6th Cir. 2006). The non-moving party, however, may not rely on mere allegations or denials, but instead must "cit[e] to particular parts of materials in the record" as establishing that one or more material facts are "genuinely disputed." Fed. R. Civ. P. 56(c)(1). To overcome a well-supported motion for summary judgment, the non-moving party "must

do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986).

As demonstrated below, the undisputed material facts in this case mandate entry of summary judgment in favor of MMCC.

### B.  MMCC is Entitled to Summary Judgment as to Plaintiff's FDCPA Claim

1.  <u>Plaintiff's claim under §1692b fails as a matter of law because allegations made under this section are not recognized as independent violations of the Act regardless of who brings them.</u>

Plaintiff alleges MMCC violated §1692b(3) when it contacted her, pursuant to Plaintiff's request and her son's express authorization, to discuss resolution of the Debt.

Incredibly, Plaintiff's First Amended Complaint ("FAC") alleges that Plaintiff "does not recall" being authorized by her son to discuss the Debt with MMCC despite the fact that she participated in the call between herself, MMCC, and her son during which such authorization was provided and engaged in several inbound and outbound phone calls with MMCC, thereafter, regarding resolution of the Debt. Yet, when asked about her involvement in this matter during her deposition, Plaintiff had no problem

recalling why she was speaking with MMCC's representatives regarding

her adult son's debt:

> Q.· ·  Okay.· So we spoke earlier and you acknowledged that at
> some point Thomas asked that you help him figure out how to
> handle this Baker College debt.·Fair statement?
> A.· ·  Correct.

<u>Exhibit 5</u>: Transcript from Plaintiff's deposition, 29:21-24.

> Q.      Okay.· All right.· As it relates to Merchants, is it your
> testimony that your son did authorize you to speak with
> Merchants about the Baker College debt?
> A.· ·  Yes.

*Id*., at 32:13-16.

Despite acknowledging in her deposition that she was authorized to

discuss the Debt with MMCC and voluntarily did so several times, Plaintiff

maintains that MMCC was required to but did not follow the requirements of

§1692b during the few contacts MMCC had with Plaintiff over the years

and, therefore, MMCC is liable to Plaintiff under the FDCPA. Plaintiff's

claims fail as a matter of law.

Section 1692b provides, in relevant part:

Any debt collector communicating with any person other than the
consumer **for the purpose of acquiring location information**
about the consumer shall-- . . .

(1)    identify    himself, **state** that    he    is    confirming    or
correcting location    information concerning    the consumer, and,
only if expressly requested, identify his employer;

(3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

15 U.S.C. §1692b(1) and (3) (emphasis added).

Importantly, § 1692b does not create an independent private right of action under the FDCPA. *Litt v. Portfolio Recovery Assocs. LLC*, 146 F. Supp. 3d 857, 867 (E.D. Mich. 2015). A **consumer** may maintain an action against a debt collector for a failure to adhere to the requirements of §1692b, but the **consumer** must do so under 15 U.S.C.S. § 1692c(b). *Id.* In other words, while a debt collector's alleged noncompliance with § 1692b may qualify as a violation of § 1692c(b) as to a "consumer", allegations made under § 1692b do not, in and of themselves, qualify as independent violations of the Act with regard to persons such as Plaintiff. *Id.* This bar is fatal to Plaintiff's § 1692b claims as a matter of law. *Id*.

2. Plaintiff is Not a Consumer and, Therefore, She Lacks Standing to Bring Claims Under §1692c

Section 1692c(b) is, likewise, not helpful to Plaintiff because this section is expressly limited to consumers. The FDCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C.§ 1692a(3).

Section 1692c(b) provides:

11

(b) Communication with third parties. Except as provided in section 804 [15 USCS § 1692b], without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. §1692c(b).

The Sixth Circuit has expressly held that § 1692c, which applies to "consumers" only, is more limited than other portions of the FDCPA which extend to "any person." *Montgomery v. Huntington Bank*, 346 F.3d 693, 696-97 (6th Cir. 2003); *Kaniewski v. Nat'l Action Fin. Servs.*, 678 F. Supp. 2d 541, 545 (E.D. Mich. 2009). Thus, only "consumers" have standing to sue for alleged violations under § 1692c, not "persons" such as Plaintiff. *Id*.

In *Montgomery*, the Sixth Circuit unequivocally held that persons who do not owe and are not alleged to owe an underlying debt do not have standing to assert claims under § 1692c. *Id*. at 697. ("[T]he Defendants are correct that [the plaintiff] lacks standing under § 1692c, as he is not a consumer for purposes of the FDCPA."); *Kaniewski v. Nat'l Action Fin. Servs.*, 678 F.Supp.2d at 545 (holding that plaintiff lacked standing to bring a claim under § 1692c because he alleged that the defendant made several calls to him attempting to collect a debt belonging to a different person).

At all relevant times, Plaintiff knew that she was not "obligated or allegedly obligated to pay any debt." In fact, Plaintiff acknowledged as much in the FAC, specifically alleging that her son was the "consumer", *not* Plaintiff. ECF 10: FAC at ¶ 8, PAGE ID 34. Plaintiff's testimony also confirmed as much:

> Q.· ·Okay.· You understood that they were -- that the debt was owed or alleged to be owed by your son and not you.· Correct?
> ·
> A.· ·Correct.

(Exhibit 5: Transcript of Plaintiff's deposition at 44:20-22). Thus, even if Plaintiff had asserted a claim under § 1692c – and she has not – Plaintiff would lack standing to sue under this section because she has already conceded she is not a "consumer" as defined in §§ 1692a(3) and she does not fall within the broader definition of "consumer" set forth in § 1692c(d) (which extends to the consumer's spouse, the parent of a minor child, or a guardian, executor, or administrator). The fact that Plaintiff voluntarily interjected herself into the debt collection process to assist her adult son, knowing full well that each call with MMCC was made for the purpose of resolving the Debt owed by her son, does not change this result or transform a handful of entirely lawful and cordial exchanges into violations of the FDCPA.

3. <u>Even if Plaintiff Had Expressly Alleged Claims Under § 1692d – and She Has Not and Cannot Do So Now – Such Claims Lack Merit Because There is No Evidence that MMCC Engaged in Any Harassing, Oppressive, or Abusive Conduct towards Plaintiff.</u>

Although § 1692d is admittedly much broader than § 1692c and extends to violations of this section alleged by any "person", Plaintiff's FAC does not, in fact, expressly allege violations of § 1692d. In fact, Plaintiff has already acknowledged as much, which is why Plaintiff affirmatively sought leave from the Court to add a claim under § 1692d(5) just before the close of discovery. (ECF #15: Plaintiff's Motion to Amend FAC and Compel Discovery). The Court correctly denied Plaintiff's motion to add a claim under § 1692d(5), among other requested amendments, as both untimely and prejudicial on his record. (ECF #24: Report and Recommendation). For these reasons, alone, Plaintiff should not be permitted to argue a cause of action under § 1692d(5) for the first time at the summary judgment phase.

*Even if* the Court is, nevertheless, inclined to entertain a claim under § 1692d(5) so late in the case, any such claim would also fail for the simple reason that Plaintiff, who bears the burden of proving any violation, has not and cannot establish that MMCC contacted Plaintiff by phone "repeatedly or continuously with intent to annoy, abuse, or harass" her. 15 U.S.C. § 1692d.

14

Section 1692d prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt". This prohibition extends to a non-exhaustive list of actions, including:

> (5) "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously **with intent to** annoy, abuse, or harass any person at the called number."

15 U.S.C. § 1692d(5) (emphasis added).

The Sixth Circuit has made clear that "although the question of 'whether conduct harasses, oppresses, or abuses will [ordinarily] be a question for the jury . . . . Congress has indicated its desire for the courts to structure the confines of § 1692d.'" *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 330 (6th Cir. 2006) (citing *Montgomery*, *supra*, at 700).

Thus, simply alleging, in conclusory fashion, that one felt "harassed" is not sufficient to create a material question of fact under 1692d. In fact, at the summary judgment phase, Plaintiff cannot simply announce that MMCC called her a couple times, as she has done here, and then speculate that MMCC somehow intended to harass her. See, for e.g., *Lashbrook v. Portfolio Recovery Assoc., LLC*, No. 2:11-cv-15624 (E.D. Mich. Aug.29, 2013) (finding 120 calls over a one-year period not sufficient to establish a 1692d violation); *Pugliese v. Prof. Recovery Serv., Inc.*, No. 09-

12262, 2010 WL 2632562, at *9-10 (E.D. Mich. June 29, 2010) (concluding that 350 calls made over an 8 month period, even after plaintiff repeatedly asked defendant to cease contact, may have "annoy[ed]" plaintiff but it does not prove that the calls were made to abuse or harass her); *Saltzman v I.C. System, Inc*., No. 09-10096, 2009 WL 3190359, at *7 (E.D. Mich. Sept. 30, 2009) (no material issue of fact precluding entry of judgment for debt collector despite numerous calls to the plaintiff and the plaintiff's alleged request for the calls to stop"). Plaintiff must identify specific actions undertaken by MMCC which would have the natural consequence of being harassing and abusive and were, in fact, taken by MMCC to harass or abuse Plaintiff. *Harvey, supra, at 330* (citation omitted).

As an initial matter, there is no evidence in the record from which a reasonable trier of fact could find that MMCC contacted Plaintiff "repeatedly" and "continuously". As other district courts in the Sixth Circuit have observed, the term "repeatedly" means "calling with excessive frequency under the circumstances... ." See, *Gnesin v. Am. Profit Recovery*, No. 12-cv-12595, 2012 WL 5844686 (E.D. Mich. Nov 19, 2012) (citation omitted). Similarly, the term "continuously" has been defined by courts as "making a series of calls, one right after another." *Id*. The handful of calls made by MMCC, even when viewed in the light most favorable to

Plaintiff, do not include anything which would legally rise to the level of harassment.

There is also no evidence in the record from which a reasonable trier of fact could infer that MMCC acted with the requisite "intent to annoy, abuse, or harass" when it contacted Plaintiff. Content aside, there is nothing in the record regarding the amount, frequency, or pattern of the calls either which would indicate anything other than a good faith effort on the part of MMCC to contact Plaintiff, pursuant to both Plaintiff and her son's request. Thus, no material question of fact remains for trial and summary judgment is proper as to any claim that Plaintiff could or may attempt to raise under § 1692d.

### C. MMCC is Entitled to Summary Judgment as to Plaintiff's MOC Claims

#### 1. Plaintiff's claims under §§ 339.919(1)(a) and (b) fail as a matter of law

Plaintiff asserts several conclusory claims under the MOC. Two of these claims, those arising under MCL §§ 339.919(1)(a) and (b), parallel Plaintiff's claims under §1692b of the FDCPA. Because Plaintiff's MOC claims mirror her FDCPA claims, the MOC claims fail for the same reasons that his claims under parallel provisions of the FDCPA fail.

As set forth above, MMCC did not contact Plaintiff "for the purpose of acquiring location information about the debtor" as expressly required by both MCL § 339.919 and § 1692b of the FDCPA. MMCC contacted Plaintiff to discuss the debt owed by Plaintiff's son, as previously requested by Plaintiff and expressly authorized by her son. Thus, §§ 339.919(1)(a) and (b) are not applicable to the calls at issue based on the plain language used in the MOC. Because there is no reason to treat these claims any different than Plaintiff's claims under § 1692b, summary judgment is proper on these claims for the same reasons.

2.   <u>Plaintiff's § 339.915(q) claim fails because MMCC has policies and procedures in place to obtain authorization to communicate with third-parties such as Plaintiff and to cease further communications if and when requested.</u>

Plaintiff' final claim, which was pled in a single, conclusory statement (FAC, ¶ 50) and essentially abandoned by Plaintiff during discovery, fares no better. As set forth above, MMCC has not engaged in any violations of the MOC so there is no basis to conclude that MMCC lacks policies to prevent such violations. But even if MMCC had violated the MOC in some fashion – and MMCC did not – any such violation would have occurred despite MMCC's maintenance of policies and procedures to avoid such violations, not because such policies and procedures do not in fact exist.

Mr. Church testified that MMCC has numerous policies and procedures in place to ensure compliance with federal and state law. (Exh. 2, pg. 14). Collectors are trained to obtain consent directly from the consumer before discussing a debt with a third party. (*Id.*). Collectors are also trained to notate such consent in MMCC's business records, and cease further communications if and when a party asks for calls to stop unless such calls are otherwise permitted under existing law. (Exh. 2, pgs. 20:20-25; 21:1-6; 32:13-16). This testimony stands unrefuted and conclusively establishes that MMCC has policies and procedures in place and, therefore, MMCC is entitled to summary judgment on this claim, too.

## III.    CONCLUSION

For these reasons, the Court should grant Defendant Merchant & Medical Credit Corporation, Inc.'s motion, enter summary judgment in its favor on all claims, and award MMCC all further relief as is just and proper under the circumstances.

Dated: August 4, 2021          Respectfully Submitted,

*/s/ Charity A. Olson*
Charity A. Olson (MI P68295)
OLSON LAW GROUP
P.O. Box 64
Hartland, MI 48353
Phone:       (734) 255-6908
E-mail:       colson@olsonlawpc.com

*Attorneys for Defendant Merchants &*
*Medical Credit Corp., Inc.*

## LOCAL RULE 5.1 AND 7.1(d)(3) CERTIFICATION(S)

I, Charity A. Olson, certify that this document complies with Local Rule 5.1(a), including double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that this document is the appropriate length pursuant to Local Rule 7.1(d)(3).

Dated: August 4, 2021                    Respectfully Submitted,

                                         /s/ Charity A. Olson
                                         Charity A. Olson (MI P68295)
                                         OLSON LAW GROUP
                                         P.O. Box 64
                                         Hartland, MI 48353
                                         Phone:      (734) 255-6908
                                         E-mail:     colson@olsonlawpc.com

## CERTIFICATE OF SERVICE

I, Charity A. Olson, hereby state that on August 4, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record.

                    /s/ Charity A. Olson
                    Charity A. Olson P68295