UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RAE LINN PEIFFER,

            Plaintiff,                        Case No. 1:20-cv-13171

v.

                                          Honorable Thomas L. Ludington
MERCHANTS & MEDICAL CREDIT           Magistrate Judge Patricia T. Morris
CORPORATION, INC.

            Defendant.
_____/

**OPINION AND ORDER OVERRULING OBJECTIONS, ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

This matter is before the Court pursuant to Magistrate Judge Patricia T. Morris' Report and Recommendation. ECF No. 24. Plaintiff Rae Linn Peiffer brought this action in December 2020, alleging violations of Michigan law and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* ECF No. 1. All pretrial matters were referred to Magistrate Judge Patricia T. Morris. ECF No. 3.

On June 2, 2021, Plaintiff filed a motion for leave to file a second amended complaint, seeking to add new allegations regarding the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g. ECF No. 15. On July 19, 2021, Magistrate Judge Morris issued a report recommending that Plaintiff's Motion for Leave be denied. ECF No. 24. Plaintiff has since objected to the Magistrate Judge's Report and Recommendation. ECF No. 25. For the reasons set forth below, Plaintiff's objections will be overruled, the Report and Recommendation will be adopted, and Plaintiff's Motion for Leave to file a Second Amended Complaint will be denied.

I.

This is an FDCPA action wherein Plaintiff Rae Linn Peiffer alleges that Defendant Merchants & Medical Credit Corporation, Inc. harassed her with multiple phone calls regarding the whereabouts of her son, Thomas Peiffer ("Thomas"). *See* ECF No. 10 at PageID.34–38 (First Amended Complaint). The FDCPA prohibits debt collectors from communicating more than once with any person other than the statutorily defined "consumer" for the purpose of acquiring location information unless certain conditions apply. 15 U.S.C. § 1692b(3). In the First Amended Complaint, Plaintiff claims that Thomas is a "consumer" within the meaning of the FDCPA because he incurred a financial obligation that was "primarily for personal, family, or household purposes"—namely, a medical debt. *Id.* at PageID.34. The First Amended Complaint contains one count for violation of the FDCPA (Count I) and one count for violation of Michigan law governing collection practices (Count II). *Id.* at PageID.38–40.

On June 2, 2021 (about a month before the close of discovery), Plaintiff filed a motion for leave to file a second amended complaint.[1] ECF No. 15. The new complaint would have two principal effects: First, it would clarify that Thomas's debt was incurred for educational expenses, not medical expenses. ECF No. 15-1 at PageID.92 (Proposed Second Amended Complaint). Second, it would add the allegation that Defendant violated FERPA by speaking to Plaintiff about Thomas's education-related debt without a signed authorization to do so. *Id.* at PageID.93.

After conducting a motion hearing, Magistrate Judge Morris issued a report recommending that Plaintiff's Motion for Leave be denied. ECF No. 24. Magistrate Judge Morris reasoned that because a FERPA violation does not give rise to a private cause of action, "any references to

---

[1] The document containing Plaintiff's Motion for Leave also contained a separate motion to compel. ECF 15 at PageID.82. That motion was later addressed at a motion hearing and denied in a written order issued by Magistrate Judge Morris on June 30, 2021. *See* ECF No. 23.

FERPA in the proposed second amended complaint would be superfluous at best and confounding at worst." *Id.* at PageID.191. She thus recommended that the Motion for Leave be denied as futile. *Id.*

On September 2, 2021, Plaintiff filed an objection to the Magistrate Judge's Report and Recommendation. ECF No. 25. Plaintiff argues that even if her FERPA allegations are futile, she should be allowed to amend the complaint to clarify that Thomas's debt was incurred for educational rather than medical expenses. *Id.* at PageID.194–195.

## II.

A magistrate judge's order on a nondispositive motion will be upheld unless it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993). "The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; legal conclusions are reviewed under the plenary 'contrary to law' standard. . . . Therefore, [the reviewing court] must exercise independent judgment with respect to the magistrate judge's conclusions of law." *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)). "[A]n order is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quoting *United States v. Winsper*, No. 3:08-CV-631-H, 2013 WL 5673617, at *1 (W.D. Ky. Oct. 17, 2013)).

### III.

Plaintiff's only substantive objection is that the Magistrate Judge's recommendation would prevent her from clarifying that Thomas incurred an education-related debt.[2] ECF No. 25 at PageID.194. She correctly notes that an education-related debt is a "consumer debt" under the FDCPA, and that consumer debt is a prima facie element of an FDCPA claim. *See Micks v. Gurstel L. Firm, P.C.*, 365 F. Supp. 3d 961, 971 (D. Minn. 2019) ("[A]s a matter of law, education-related borrowing constitutes personal or household purposes.") (collecting cases); *Whittiker v. Deutsche Bank Nat. Tr. Co.*, 605 F. Supp. 2d 914, 943 (N.D. Ohio 2009) ("[T]he party claiming a FDCPA violation must show that he or she is a 'consumer' and that the 'debt' being requested 'aris[es] out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.'"); ECF No. 25 at PageID.195. But Plaintiff also states that her objection is waived "[t]o the extent this [C]ourt agrees that [she] can still argue that the debt at issue, no matter if it is medical or educational, was incurred primarily for personal, family or household purposes." ECF No. 25 at PageID.195.

There is no need for Plaintiff to file a second amended complaint. The First Amended Complaint already alleges that Thomas incurred "a financial obligation that was primarily for personal, family or household purposes." *See* ECF No. 10 at PageID.34. Plaintiff may introduce evidence that Thomas's debt was a consumer debt, regardless of whether it was incurred for

---

[2] Plaintiff also objected to the denial of her motion to compel, stating, "Plaintiff's motion to compel was denied but only a text order was entered. To the extent that such a ruling requires the same report and recommendation process, [P]laintiff objects to the text order." ECF No. 25 at PageID.196. But a motion to compel is nondispositive and, therefore, may be decided by a magistrate judge without the issuance of a recommended disposition. *See* FED R. CIV. P. 72(a). Therefore, Plaintiff's objection to the lack of a report and recommendation is overruled.

educational or medical expenses. Therefore, consistent with her representation regarding waiver, Plaintiff's objection to the Report and Recommendation is deemed waived.

### IV.

Accordingly, it is **ORDERED** that Plaintiff's Objections, ECF No. 25, are **OVERRULED**.

It is further **ORDERED** that Magistrate Judge Morris's Report and Recommendation, ECF No. 24, is **ADOPTED**.

It is further **ORDERED** that Plaintiff's Motion for Leave to File a Second Amended Complaint, ECF No. 15, is **DENIED**.

Dated: August 23, 2021                           s/Thomas L. Ludington
                                                 THOMAS L. LUDINGTON
                                                 United States District Judge